IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | |
|---|---|
| **BYRON KEITH PERKINS,** ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. 5:19-00152** |
| ) | |
| **WARDEN D.L. YOUNG,** ) | |
| Respondent. ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Petitioner's letter-form Motion for Voluntary Dismissal (Document No. 18), filed on January 13, 2020.[1] By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 4.)

## FACT AND PROCEDURE

On March 6, 2019, Petitioner, acting *pro se*, filed his "Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody" and Memorandum in Support. (Document Nos. 1 and 2.) In his Petition, Petitioner challenges the validity of his conviction in the United States District Court for the Western District of Kentucky. (Id.) Specifically, Petitioner argues that he is "innocence of being characterized as a 'career offender' or under the ACCA due to a previous conviction in Russell County Circuit Court, KY, for Burglary First Degree on November 15, 1996." (Id.) Petitioner argues that Burglary First Degree was improperly considered as a "crime of violence." (Id.)

By Order entered on March 15, 2019, the Court ordered that Respondent file an Answer

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

to the allegations contained in the Petitioner's Application and show cause, if any, why the Writ of Habeas Corpus sought by the Petitioner in this case should not be granted. (Document No. 6.) On April 15, 2019, Respondent filed the "Response of the United States to Order to Show Cause: Motion to Dismiss, or in the Alternative, to Transfer." (Document No. 10.) Respondent argues that Petitioner's Petition should be denied based upon the following: (1) "This Petition should be dismissed as inappropriate under 28 U.S.C. § 2241" (Id., pp. 7 – 9.); (2) "Petitioner does not qualify for the 'saving clause' provision of 28 U.S.C. § 2255" (Id., pp. 9 – 12.); and (3) "Petitioner should pursue relief in the correct jurisdiction: The Western District of Kentucky" (Id., pp. 12 – 15.). By Order and Notice entered on April 16, 2019, the undersigned advised Petitioner of his right to file a Reply to Respondent's Response. (Document No. 11.) On April 24, 2019, Respondent filed his "Notice of Supplemental Authority." (Document No. 12.)

On January 13, 2020, after granting Petitioner two extension of time to file his Reply, Petitioner filed his letter-form Motion for Voluntary Dismissal. (Document No. 18.) Petitioner states that he is "requesting that this Honorable Court to dismiss Case No. 5:19-cv-00152." (Id.) Petitioner states that he is "unable to respond to any argument from the Government at this time." (Id.)

### **ANALYSIS**

Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that a petitioner may voluntarily dismiss an action without a Court Order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Rule 41(a)(1)(B) states in pertinent part, as follows:

> Unless the notice of dismissal or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal – or state – court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The purpose of the Rule respecting voluntary dismissal "is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). "A plaintiff's motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986). It is well established that prejudice to the defendant does not result from the prospect of a second lawsuit. See Vosburgh v. Indemnity Ins. Co. of North America, 217 F.R.D. 384, 386 (S.D. W.Va. Sep. 12, 2003). In considering a Motion under Rule 41(a)(2), the District Court should consider the following relevant, but non-dispositive, factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." Id.

In consideration of the first and fourth factors, the undersigned finds that Petitioner's Motion for Voluntary Dismissal should be granted. The undersigned notes that even though Respondent has filed a Response and Motion to Dismiss, the record does not support a finding that Respondent has spent a considerable amount of time or expense on this case. Respondent argues that Petitioner's Section 2241 Petition should be dismissed as inappropriate under 28 U.S.C. § 2241. Considering the second factor, the undersigned notes that there has been no excessive delay or lack of diligence on the part of Petitioner. Considering the third factor, Petitioner sets forth a reasonable explanation that his case should be dismissed because he is unable to respond to Respondent's arguments. As stated above, a "motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." Andes, 788 F.2d at 1036. In the instant case, there is no indication or allegation of prejudice to the Respondent. Further, it is

well established that prejudice to the defendant does not result from the prospect of a second lawsuit. Accordingly, the undersigned respectfully recommends that Petitioner's letter-form Motion requesting voluntary dismissal of this action be viewed under Federal Rule of Civil Procedure 41(a)(1)(A) and that the instant civil action be dismissed under Rule 41(a)(1)(A)(i) without prejudice. See e.g., Camacho v. Mancuso, 53 F.3d 48, 51 (4th Cir. 1995)(Rule 41(a)(1) "only allows a unilateral dismissal prior to a defendant's filing an answer to the complaint or filing a motion for summary judgment.")

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Petitioner's letter-form Motion for Voluntary Dismissal (Document No. 18), **DISMISS** Petitioner's Section 2241 Application (Document No. 1) without prejudice and remove this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Frank W. Volk. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo*

review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Volk, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

Date: January 22, 2020.

Omar J. Aboulhosn
United States Magistrate Judge